Denis F. Shanagher (SBN 100222)
William L. Marchant (SBN 154445)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
E-mail:   dfshanagher@duanemorris.com

Attorneys for Plaintiff Landmark American Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma corporation<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, a New Hampshire corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") for its Complaint herein, alleges as follows:

## PARTIES

1. Plaintiff Landmark is now, and at all relevant times herein was, an Oklahoma Stock Company authorized and doing business in the State of California, with its principal place of business in Atlanta, GA.

2. Plaintiff is informed and believes, and thereon alleges, that defendant LIBERTY SURPLUS INSURANCE CORPORATION (hereinafter "LSIC" or "Defendant") is a corporation incorporated in the State of New Hampshire and authorized to do business in California.

**JURISDICTION AND VENUE**

3. The subject matter jurisdiction of this Court is predicated on 28 U.S.C. § 1332. There exists complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as it is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred and where at least one defendant is subject to personal jurisdiction of this Court.

**FACTS**

5. Landmark issued a policy of commercial general liability insurance to River City Caulking Inc. ("River City") effective for the period July 1, 2004 to July 1, 2005, with limits of $1 million per occurrence and in the aggregate for Products-Completed Operations, policy no. LHA126481. Thereafter, Landmark issued successive renewal policies of commercial general liability insurance to River City effective for the periods July 1, 2005 to July 1, 2006, and July 1, 2006 to July 1, 2007, each with limits of $1 million per occurrence and in the aggregate for Products-Completed Operations, policy nos. LHA128365 and LHA130112, respectively. The three Landmark Policies referenced above are hereinafter collectively referred to as (the "Landmark Policies").

6. Thereafter, LSIC a policy of commercial general liability insurance to River City, effective for the period July 1, 2007 to July 1, 2008, with limits of $1 million per occurrence and in the aggregate for Products-Completed Operations, policy no. DGLLA207189017 (the "LSIC Policy").

7. River City was a cross-defendant in an underlying action entitled *the Regents of the University of California v. Howard S. Wright Construction Co., et.al.,* Yolo County Superior Court No. CV12-1911 (the "Underlying Lawsuit"), in which River City was alleged to have caused or contributed to certain construction defects and related property damage arising out of the construction of sciences laboratory building and adjoining concrete plaza and lecture hall at the University of California, Davis, in the City of Davis, Yolo County, California (the "Project"), including but not limited to below-grade waterproofing and miscellaneous caulking on the Project

(the "Work"). The claimed damages exceeded $1,000,000.

8. The Work of River City was performed pursuant to a Subcontract Agreement with Howard S. Wright Construction Co. ("HSW") dated July 25, 2002, and was substantially complete as of June, 2005. In the Underlying Lawsuit, the plaintiff alleged "property damage" associated with water intrusion from and after completion of the Work, particularly related to "a construction defect of the Bentonite waterproofing system" first detected within three years of September 11, 2012.

9. Landmark provided River City with a defense in the Underlying Lawsuit under the terms of the Landmark Policies, and pursuant to a Reservation of Rights. Commencing on or about September 3, 2012, tenders of the defense of River City were made to LSIC, seeking its participation in the defense of River City in the Underlying Lawsuit under the terms of the LSIC Policy. To date, Defendants have failed and refused to participate in the defense of River City in the Underlying Lawsuit, despite an obligation to do so.

10. Landmark also participated in and contributed to the defense of HSW pursuant to additional insured obligations arising under the terms of the relevant Subcontract Agreement and the Landmark Policies, subject to a Reservation of Rights. On information and belief, numerous tenders of the defense of HSW were made to LSIC, seeking their participation in the defense of HSW in the Underlying Lawsuit under the terms of the LSIC Policy. To date, LSIC has failed and refused to participate in the defense of HSW in the Underlying Lawsuit, despite an obligation to do so.

11. The Underlying Lawsuit has recently settled. Landmark has agreed to make an indemnity payment of $300,000 on behalf of River City toward the settlement of the Underlying Lawsuit, and has incurred approximately $313,000 in defense fees and costs to date, including contributions toward the defense of HSW. Landmark contends LSIC is required to share in the indemnity payment made on behalf of River City, and in the defense fees and costs incurred by Landmark to date.

WHEREFORE, Plaintiff Landmark prays for Judgment against Defendant LSIC, as hereinafter set forth.

## FIRST CAUSE OF ACTION

### Equitable Indemnity

12	Landmark incorporates and re-alleges the allegations of paragraphs 1-11 as if fully set forth herein.

13.	LSIC had a separate and independent legal and contractual responsibility to defend and indemnify River City and HSW in the Underlying Lawsuit, and to make indemnity payments on behalf of River City.

14.	Landmark, having paid defense fees and costs to defend River City and HSW in the Underlying Lawsuit in the approximate amount of $313,000 to date, and having made indemnity payments of $300,000, is entitled to be indemnified for said defense and indemnity payments paid on behalf of River City and/or HSW.

WHEREFORE, Landmark prays for judgment against Defendant LSIC, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Contribution

15.	Landmark incorporates and re-alleges the allegations of paragraphs 1-15 as if fully set forth herein.

16.	Defendant LSIC had separate and independent responsibilities to defend and indemnify River City and HSW in the Underlying Lawsuit, and is therefore obligated under its insurance policies to pay an equitable portion of the defense fees and costs and the settlement sums paid by Landmark on behalf of River City and/or HSW in the Underlying Lawsuit.

17.	The defense fees and costs and indemnity sums paid by Landmark in the Underlying Lawsuit are not obligations primarily held by Landmark, but rather are the primary responsibility of Defendant LSIC.

18.	As a result of the foregoing, Landmark is equitably entitled to recover from Defendant LSIC that portion of the defense fees and costs and indemnity sums owed in relation to its specific obligations under their insurance policies issued to River City.

COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF

WHEREFORE, Landmark prays for judgment against Defendant LSIC, as hereinafter set forth.

### THIRD CAUSE OF ACTION

### Declaratory Relief

19. Landmark incorporates and re-alleges the allegations of paragraphs 1-18 as if fully set forth herein.

20. Landmark is informed and believes, and on that basis alleges, that the LSIC Policy obligated Defendant LSIC to defend and indemnify River City and/or HSW in the Underlying Lawsuit.

21. An actual controversy has arisen and now exists between Landmark and Defendants in that Landmark contends that Defendant LSIC had an obligation to defend and indemnify River City and/or HSW in the Underlying Lawsuit, and that Landmark is further entitled to reimbursement from Defendants of some or all of its defense expenses and indemnity payments made on behalf of River City and/or HSW to date. Defendant LSIC denies said contentions. Thus, an actual controversy has arisen and now exists between Landmark and Defendant LSIC such that a judicial determination of that controversy is necessary and appropriate.

WHEREFORE, Landmark prays for judgment against Defendant LSIC as follows:

1. That Landmark recover from LSIC all of the fees and costs expended on behalf of River City and HSW in defense of the Underlying Lawsuit, or its equitable share thereof;

2. That Landmark recover from Defendant LSIC all sums paid in settlement of the Underlying Lawsuit on behalf of River City and HSW, or its equitable share thereof;

3. That the Court declare and adjudicate the rights and duties of the parties with respect to the controversy described herein, and that said adjudication be that Defendant LSIC, pursuant to its insurance policies covering River City and HSW, owes a duty to reimburse Landmark for all or an equitable portion of the defense fees and costs and indemnity payments made by Landmark in reference to the Underlying Lawsuit;

4. For pre-judgment interest;

5.  For costs of suit incurred herein, including attorneys' fees if and where appropriate;

6.  For such other and further relief as the Court may deem just and proper.

Dated: January 10, 2017          **DUANE MORRIS LLP**

By: /s/ Denis F. Shanagher
Denis F. Shanagher
Attorneys for Plaintiff Landmark American Insurance Company

### DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff Landmark American Insurance Company demands trial by jury in the above-entitled matter.

Dated: January 10, 2017          **DUANE MORRIS LLP**

By: /s/ Denis F. Shanagher
Denis F. Shanagher
Attorneys for Plaintiff Landmark American Insurance Company