Susan J. Gill, Bar No. 131890
Julie Rhoades, Bar No. 138027
**GILL & RHOADES LLP**
1660 Union Street, Suite 401
San Diego, CA 92101
Tel: (619) 881-0108 Ext.302
Fax: (619) 239-4621
sgill@gillrhoadeslaw.com

Attorneys for Plaintiff, Landmark American Insurance Company

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma Corporation<br><br>Plaintiff,<br>v.<br><br>LIBERTY SURPLUS INSURANCE CORPORATION, a New Hampshire corporation, QBE SPECIALTY INSURANCE COMPANY and DOES 1 through 50,Inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-00061-KJM-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER AND ORDER THEREON** |

**IT IS HEREBY STIPULATED** by and among Plaintiff Landmark American Insurance Company (hereinafter referenced as "Landmark"), Defendant Liberty Surplus Insurance Corporation (hereinafter referenced as "Liberty"), and Defendant QBE Specialty Insurance Company (hereinafter referenced as "QBE"), and which parties are collectively referenced herein as the "Parties", by and through their respective counsels of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate to the following for the Discovery Process only:

1. Any Party producing documents shall have the right to designate as "Confidential" the attorney's fees, expert fees, defense costs, or indemnity costs related to the defense and indemnity of River City Caulking and/or Howard S. Wright in the matter entitled *The Regents of the University of California v. Howard S. Wright Construction Co., et. al.,* Yolo County Superior Court No. CV13-1911 (the "Underlying Action"), that the Party, in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

2. All Confidential materials shall not be disclosed to any person or entity except in accordance with the terms, conditions and instructions of this Stipulation and Protective Order.

3. The entry of this Stipulation and Protective Order and the production of documents pursuant hereto, does not prejudice, alter, waive, modify or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. In addition, the production of documents does not waive any privilege that applies to such documents.

4. Access to and/or disclosure of Confidential materials shall be permitted only to the following persons:

    a. the Court;

    b. any mediator, special master, arbitrator or other person conducting another alternative dispute resolution process in this Proceeding;

    c. (i) attorneys of record in this Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this Proceeding and are not employees of any Party and (ii) the Parties' in-house counsel, and such other persons regularly employed by the Parties, who are involved in or consulted with respect to the prosecution or defense of this Proceeding or handling the underlying claims, including claims representatives of any Party; *provided, however*, that each non-lawyer given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    d. insurers, reinsurers, retrocessionaires, accountants, regulators, auditors, and any other person to whom the Parties have a contractual, regulatory or statutory obligation to report; *provided, however*, that each such person given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    e. any deposition witness in this Proceeding *provided, however*, that each such person given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    f. outside experts or consultants consulted by the undersigned Parties or their counsel in connection with this Proceeding, whether or not retained to testify at any oral hearing; *provided, however*, that prior to the disclosure of Confidential materials to any such expert or consultant, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and verify they will comply with its terms.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or consultant, to promptly notify counsel for the designating Party of such breach or threatened breach;

    h. court reporters in this Proceeding (whether at depositions, hearings or any other proceedings) and other persons involved in recording depositions, hearings or any other proceedings;

    and

    i. any other person that the designating Party agrees to in writing.

  5. Confidential materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this Proceeding — including any mediation, arbitration or other alternative dispute resolution process connected with this Proceeding — and not for any business or other purpose

whatsoever.  Nothing in this Stipulation and Protective Order, however, restricts the use that a Party may make of any Documents or Information Disclosed by it.

6. The inadvertent production by any Party to this Proceeding of any Document, or category of documents during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item, document category (i.e. attorney invoices) is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty-one (21) days of discovery of the inadvertent production, together with a further copy of the subject Document, designated as "Confidential" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, shall promptly segregate and maintain as "Confidential" pending further proceedings set forth in Paragraph 7 below the inadvertently produced Document, Testimony, Information or Discovery Response and all copies thereof.  This provision is not intended to apply to any inadvertent production of any Document, Response protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7. In the event that counsel for a Party receiving Documents in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the designating Party, in writing, of such objections, the specific Document, to which each objection pertains, and the specific reason and support for such objections (the "Designation Objections").  Counsel for the designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate the Document, Testimony, Information or Discovery Response pursuant to any or all of the Designation Objections; and/or (b) file a motion with the Court seeking to uphold any or all designations on the Document, Testimony, Information or Discovery Response addressed by

4

STIPULATION AND PROTECTIVE ORDER AND ORDER THEREON

the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Document, Testimony, Information or Discovery Response at issue in such Motion shall remain in place. The designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Document, Testimony, Information or Discovery Response shall be de-designated in accordance with the Designation Objection applicable to such material.

8. Any Party to this Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

9. Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

10. If Confidential materials are submitted to or otherwise disclosed to the Court in connection with any motions, discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

11. The Parties shall attempt to agree upon procedures to protect at any hearing the confidentiality of Documents, filed under seal, as well as for use of Confidential materials at trial, and shall move the Court for entry of an appropriate order, if necessary.

13. This Stipulation and Protective Order shall continue to be binding after the conclusion of the Proceeding and all subsequent proceedings arising from the Proceeding, including any appeal or retrial, except that a Party may seek the written permission of the designating Party or may move the Court for relief from the provisions of this Stipulation and

Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after this Proceeding is terminated.

14. Upon written request made within thirty (30) days after the settlement or other termination of this Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the one copy of each exhibit marked at the deposition; and to the extent a Party needs to retain Confidential Material for legitimate business reasons, it may do so but such Confidential Material shall remain subject to this Order); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; (c) agree to keep all Confidential Materials confidentially and to dispose of same pursuant to the Party's document retention policy or (d) as to any Documents, Testimony, Information or Discovery Response not addressed by sub-paragraphs (a) (b) and (c), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (d) herein.

15. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties and counsel agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential materials under the terms herein.

//

//

This Stipulation and Protective Order may be executed in counterparts.

**IT IS HEREBY STIPULATED BY:**

Dated: August 31, 2017     GILL & RHOADES LLP

By: __/s/ Julie Rhoades, Esq.__
   Julie Rhoades
   Susan J. Gill
Attorneys for Plaintiff, Landmark American Insurance Company

Dated: August 31, 2017     BURNHAM BROWN

By: _____/s/ David H. Waters, Esq._
   David H. Waters
   B. Natalie Vu
Attorneys for Defendant, Liberty Surplus Insurance Corporation

Dated: August 31, 2017     YARON & ASSOCIATES

By: __/s/ Jenna Eve Settino, Esq.__
   George D. Yaron
   Jenna Eve Settino
Attorneys for Defendant,
QBE Specialty Insurance Corporation

## ORDER

The parties' stipulated protective order is APPROVED, except that:

1. Paragraph 10 is DISAPPROVED. The parties are not authorized to automatically file documents with the court under seal. The parties shall comply with the provisions of Local Rules 140 and 141, as well as the district judge's scheduling order (ECF No. 23, Section VII) with respect to sealing or redaction requests.
2. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.
3. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

**IT IS SO ORDERED.**

Dated: September 8, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE